## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ANGEL LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 11-01999 (RMC) |
| | ) | |
| DISTRICT OF COLUMBIA, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Angel Lewis is a former employee of the District of Columbia Public Schools.

She brought this suit against the District of Columbia, alleging (1) retaliation for protected

activity in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.* and

(2) wrongful discharge and retaliation for seeking workers' compensation in violation of D.C.

Code § 32-1542 and § 1532.  The District moves for partial dismissal for failure to state a claim.

The Court will grant in part and deny in part the motion.

## I.  FACTS

For all times relevant to this matter, Ms. Lewis, an African-American, was

employed at Kelley Miller Middle School with the District of Columbia Public Schools as the

Assistant Principal of Intervention and the Assistant Principal for Eighth Grade.  Am. Compl.

[Dkt. 3] ¶ 6, 8, 11.  The Principal at the Middle School, Cathy Crocker, is Caucasian.  *Id.* ¶ 10.

In October of 2009, Ms. Crocker gave Ms. Lewis a negative evaluation.  Ms. Lewis filed a

grievance with the Washington Teachers' Union ("Union") regarding the evaluation, claiming

that Ms. Crocker failed to follow requisite procedures.  The Union persuaded management to invalidate Ms. Lewis's evaluation.  *Id.* ¶ 12, 17-19.

In November of 2009, Ms. Lewis complained to Marlene Magrino, an Assistant Principal, of race discrimination by Ms. Crocker.  Ms. Magrino is Caucasian.  *Id.* ¶ 22-23.  Ms. Lewis alleges that following this complaint, Ms. Crocker required her to develop and follow a daily schedule and to receive approval from Ms. Crocker before making decisions.  Ms. Lewis claims that she was the only Assistant Principal subject to these requirements.   Ms. Lewis also states that Ms. Crocker instructed Ms. Lewis to provide a schedule reminder to eighth grade teachers, which Ms. Crocker subsequently told the teachers to disregard, and that Ms. Crocker permitted any Assistant Principal to fill out suspension documents, which included Ms. Lewis's name as the suspending official, without her knowledge.  *Id.* ¶ 24-28.

On March 23, 2010, Ms. Lewis filed a complaint with the Office of Labor Management and Employee Relations.  *Id.* ¶ 29.  After receiving a letter from an Equal Employment Officer, she filed a formal complaint with the D.C. Office of Human Rights ("OHR") on May 7, 2010.  *Id.* ¶ 30-31; Resp. to Order of the Ct. [Dkt. 9], Ex. B (Initial Formal Charge).  Also during May, Ms. Lewis slipped and fell on water that several students had thrown at Ms. Crocker, injuring her right knee and right ankle.  Am. Compl. ¶ 33.  Ms. Lewis asserts that Ms. Crocker failed to file workers' compensation documents regarding these injuries on time.  As a result, Ms. Lewis claims that she was required to pay for most of her hospital bills.  *Id.* ¶ 36-38.

On June 25, 2010, while on medical leave, Ms. Lewis was terminated for lack of performance. [1]  *Id.* ¶ 39-40.  Ms. Lewis states that she was mailed a right to sue letter from the Equal Employment Opportunity Commission ("EEOC") on August 12, 2011.  *Id.* ¶ 42.

Based on these facts, Ms. Lewis brought a two-count Complaint against the District of Columbia[2] on November 10, 2011.[3]  Count I states that the District took adverse action against Ms. Lewis for protected activities in violation of Title VII by:  (1) giving her a bad evaluation, (2) falsifying her attendance record, (3) failing to file the required workers' compensation documents on time, and (4) terminating her.  Count II alleges that the District fired her solely because she filed a workers' compensation claim and took adverse action against her by not filling out workers' compensation documents, in violation of D.C. Code § 32-1542 and § 1532 respectively.

The District now moves to dismiss the amended complaint, in part, for failure to state a claim.  Specifically, it moves to dismiss:  (1) all but one of Ms. Lewis's retaliation claims under Title VII because (a) the bad evaluation occurred a month before Ms. Lewis claims she engaged in the protected activity, (b) falsification of timesheets does not constitute adverse action, and (c) the Comprehensive Merit Personnel Act ("CMPA"), D.C. Code § 1-623.01 *et*

---

[1] Ms. Lewis filed a "final" formal complaint with OHR on June 15, 2010, which provided the specifics of her allegations.  This complaint stated that on May 24, 2010, she received a letter informing her that Ms. Crocker refused to process her workers' compensation claims.  She also stated in the complaint that in early June she received a letter informing her that she "would no longer be reappointed . . . for the 2010-2011 school year" and that her termination would be effective June 25, 2010.  *See* Resp. to Order of the Ct. [Dkt. 9], Ex A. (Final Formal Charge).

[2] Ms. Lewis initially brought this suit against the District of Columbia Public Schools.  On February 6, 2012, she filed an amended complaint changing the Defendant to the District of Columbia.  *See* Am. Compl. [Dkt. 3] ¶ 2.

[3] Ms. Lewis filed her complaint with this Court within ninety days of the receipt of her right-to-sue letter from the EEOC.  *See* 42 U.S.C. § 2000e-5(f)(1) (requiring a civil suit be brought within ninety days of receiving notice from the EEOC).

*seq.*, provides her exclusive remedy for her claim regarding workers' compensation documents; and (2)  Ms. Lewis cannot bring either a wrongful discharge or retaliation claim under D.C. Code § 32-1542 because the CMPA is the exclusive remedy for a District employee who has a work-related grievance of any kind.  The motion to dismiss will be granted in part and denied in part.

## II.  LEGAL STANDARD

A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the adequacy of a complaint on its face.  Fed. R. Civ. P. 12(b)(6). A complaint must be sufficient "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted).  Although a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is "plausible on its face." *Id.* at 570.

A court must treat the complaint's factual allegations as true, "even if doubtful in fact." *Id.* at 555.  But a court need not accept as true legal conclusions set forth in a complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In deciding a motion under Rule 12(b)(6), a court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits or incorporated by reference, and matters about which the court may take judicial notice. *Abhe & Svoboda, Inc. v. Chao*, 508 F.3d 1052, 1059 (D.C. Cir. 2007).

### III.  ANALYSIS

#### A. Count I

In Count I, Ms. Lewis asserts retaliation for protected activity in violation of Title

VII.  Title VII's antiretaliation provision prohibits an employer from "discriminat[ing] against"

an employee because he has "opposed" a practice proscribed by Title VII or because "he has

made a charge, testified, assisted, or participated in any manner in an investigation, proceeding,

or hearing."  42 U.S.C. § 2000e-3(a).  "To prove unlawful retaliation, a plaintiff must show:

(1) that he opposed a practice made unlawful by Title VII; (2) that the employer took a

materially adverse action against him; and (3) that the employer took the action 'because' the

employee opposed the practice."  *McGrath v. Clinton*, 666 F.3d 1377, 1380 (D.C. Cir. 2012).

Title VII's antiretaliation provision does not protect an employee from all retaliation, but

only from that "retaliation that produces an injury or harm."  *Burlington N. & Santa Fe Ry. Co.*

*v. White*, 548 U.S. 53, 67 (2006).  To establish a materially adverse action, "a plaintiff must show

that a reasonable employee would have found the challenged action materially adverse, 'which in

this context means it well might have dissuaded a reasonable worker from making or supporting

a charge of discrimination.'"  *Id.* at 68 (quoting *Rochon v. Gonzales*, 438 F.3d 1211, 1219 (D.C.

Cir. 2006) (internal quotation marks omitted)).  Materially adverse action does not include

"trivial harms" or "those petty slights [or] minor annoyances" that occur in a workplace.  *Id.*  The

standard is an objective one; whether a given act will constitute material adverse action "will

often depend upon the particular circumstances."  *Id.* at 68-69.

#### 1.  Bad Evaluation

The District first challenges the part of Ms. Lewis's retaliation claim that

concerns the bad evaluation by Ms. Crocker.  The District points out that Ms. Lewis alleges that

Ms. Crocker entered the bad evaluation *prior to* the occurrence of any protected activity.  Thus, according to the District, Ms. Lewis cannot establish that Ms. Crocker took this action because of her protected activity.   Ms. Lewis concedes that this part of her retaliation claim fails as a result.  *See* Pl.'s Opp'n to Def.'s Mot. to Dismiss [Dkt. 6] ("Pl.'s Opp'n") at 3.  The bad evaluation as an alleged retaliatory action under Count I will be dismissed without prejudice. [4]

### 2.  Falsification of Time Sheets

The District next challenges the part of Ms. Lewis's retaliation claim regarding falsification of time sheets by asserting that the alleged action did not constitute a materially adverse action against her.  The District claims that Ms. Lewis's assertion in her Amended Complaint that Ms. Crocker "misrepresent[ed] [her] attendance record by falsely submitting entries that she was frequently tardy" is insufficient to constitute a materially adverse action.  Am. Compl. ¶ 47.  In her opposition, Ms. Lewis frames the adverse action as "[f]alsifying [her] attendance records and *then using her tardiness as a partial basis to terminate [her]*."  Pl.'s Opp'n at 4 (emphasis added).  While the former assertion may or may not be enough to satisfy the "materially adverse action" requirement, the latter certainly meets this requirement.  *Compare Taylor v. Solis*, 571 F.3d 1313, 1321 (D.C. Cir. 2009) (holding that poor performance evaluations did not constitute materially adverse actions because plaintiff failed to show that the evaluations affected her "position, grade level, salary, or promotion opportunities" or were "attached to financial harms" (quoting *Baloch v. Kempthorne*, 550 F.3d 1191, 1199 (D.C. Cir. 2008) (internal quotation marks omitted))), *with Weber v. Battista*, 494 F.3d 179, 185-86 (D.C. Cir. 2007) (holding that negative performance evaluations constituted materially adverse action

---

[4] Ms. Lewis states her intention to request leave to amend her complaint a second time "to resolve inaccuracies or inconsistencies" in her amended complaint, but she has yet to do so and no additional facts on this matter are presented in the filings.  *See* Pl.'s Opp'n at 3.

when they "resulted in [the plaintiff] losing a financial award or an award of leave").  By

claiming that Ms. Crocker used the falsified time sheets as a basis for her termination, Ms. Lewis

has alleged a specific financial harm, i.e. the loss of her job, that she experienced as a result of

Ms. Crocker's action.  Such an action might well have "dissuaded a reasonable worker from

making or supporting a charge of discrimination," *White*, 548 U.S. at 68, and is thus materially

adverse.  Since there is no prejudice to the District at this early stage of the litigation, the Court

will deem Ms. Lewis's opposition to include a request to amend her Complaint for a second time

to include the allegation that Ms. Crocker "falsified her attendance records and then used her

tardiness as a partial basis to terminate her."  The Court will allow Ms. Lewis to file a second

amended complaint.[5]

### 3.  Workers' Compensation Documents

The District claims that the third alleged retaliatory action, that Ms. Crocker failed

to file the required workers' compensation documents on time, fails because the CMPA provides

her exclusive remedy for such a claim.  "The CMPA establishes a merit personnel system for

District employees through which employee grievances and adverse personnel actions are

handled."  *Scott v. District of Columbia*, 598 F. Supp. 2d 30, 34 (D.D.C. 2009); *see* D.C. Code

§ 1.601.01 *et seq.*  The CMPA defines "grievances" as "any matter under the control of the

District government which impairs or adversely affects the interest, concern, or welfare of

employees."  D.C. Code. § 1-603.01(10).  Generally, the CMPA provides the "exclusive remedy

for a District of Columbia public employee who has a work-related complaint of any kind."

*Baker v. District of Columbia*, 785 A.2d 696, 697 (D.C. 2001) (internal quotation marks and

---

[5] Failure to file a second amended complaint by the date specified in the Order accompanying this Memorandum Opinion may result in waiver of Ms. Lewis's claim that Ms. Crocker took retaliatory action against her by"[f]alsifying [her] attendance records and then using her tardiness as a partial basis to terminate [her]."

citation omitted); *see, e.g.*, *Scott*, 598 F. Supp. 2d at 34 (dismissing claims for breach of contract, negligence, and intentional infliction of emotional distress because the plaintiff failed to exhaust his administrative remedies under the CMPA); *Holman v. Williams*, 436 F. Supp. 2d 68, 74 (D.D.C. 2006) (noting that common law tort claims are considered grievances and must be pursued through CMPA procedures).

   Ms. Lewis presents two distinct claims for relief with regard to Ms. Crocker's alleged inaction on her workers' compensation claims:  (1) Ms. Crocker retaliated against her *because of her protected activity under Title VII* by failing to submit the workers' compensation documents on time (Count I) and (2) Ms. Crocker retaliated against her *because she sought workers' compensation benefits* (Count II) by failing to submit these documents on time.  Thus, Ms. Lewis has alleged two different claims that can be pled in the alternative.  While the CMPA provides the exclusive remedy for the second claim, *see infra* Part III.B., the first claim arises under Title VII which provides separate grounds for relief for proven retaliation.  Accordingly, Ms. Lewis can bring her retaliation claim based upon Ms. Crocker's failure to file workers' compensation documents on time under Title VII.

   The District also asserts that even if Ms. Lewis can bring this claim under Title VII, failure to file workers' compensation documents on time is not, by itself, an adverse employment action.  Ms. Lewis also alleges in her Complaint, however, that as a result of this failure, she was required to pay for most of her hospital bills.  Am. Compl. ¶ 38.  Ms. Lewis has alleged a concrete injury resulting from Ms. Crocker's alleged inaction and has thus provided a sufficient basis for concluding that it "might have dissuaded a reasonable worker from making or supporting a charge of discrimination."  *White*, 548 U.S. at 68; *see Caruso v. Camilleri*, No. 04-CV-167A, 2008 WL 170321, at * 26 (W.D.N.Y. Jan. 15, 2008) (concluding that actions by the

defendant, which included the postponement of workers' compensation benefits, were "sufficiently adverse to satisfy the third element of [p]laintiff's retaliation claim"). *But see Davis v. Metro. Transp. Auth.*, No. 07 Civ. 3561 (DAB), 2012 WL 727696, at *11 (S.D.N.Y. March 6, 2012) ("The difficulties [the plaintiff] experienced in his application for Workers' Compensation benefits, though annoying and inconvenient, do not constitute materially adverse action . . . ."). Ms. Lewis can therefore maintain the failure to file workers' compensation benefits on time as an alleged retaliatory action under Count I.

### B. Count II

The District claims that Count II should be dismissed because the CMPA provides the exclusive remedy for Ms. Lewis's wrongful discharge and retaliation claims that she alleged as violations of D.C. Code § 32-1542. *See* D.C. Code § 32-1501(9)(B) (excluding from the definition of "employee" those individuals subject to the CMPA). Ms. Lewis concedes that these claims fail on this basis. *See* Pl.'s Opp'n at 1 n.1. Count II will be dismissed for failure to state a claim.

### IV. Conclusion

For the foregoing reasons, the District's motion to dismiss [Dkt. 4] will be granted in part and denied in part. With respect to the bad evaluation as an alleged retaliatory action for Count I, this claim will be dismissed without prejudice. Count II will be dismissed with prejudice. With respect to the falsification of time sheets and the failure to file the required workers' compensation documents on time as alleged retaliatory actions for Count I, the District's motion will be denied.

Additionally, the Court will allow Ms. Lewis to file a Second Amended Complaint no later than September 17, 2012, should she choose to do so. Failure to file a timely

amended complaint may result in waiver of potential claims addressed in this memorandum.  *See*

Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so

requires.").  A memorializing Order accompanies this Memorandum Opinion.


Date: August 17, 2012                                       _____/s/_____
                                                            ROSEMARY M. COLLYER
                                                            United States District Judge